## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

KEVIN SIMMONS,                          )
                                        )
        Petitioner,              )
                                        )
    v.                           )          Case No. 10-01261
                                        )
GUY PIERCE, Warden,                     )
                                        )
        Respondent.              )

### <u>ORDER</u>

This matter is before the Court on Petitioner, Kevin Simmons' ("Simmons"), Petition for

Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  For the reasons set forth below, his

Petition for Writ of Habeas Corpus [#1] must be DISMISSED.

### BACKGROUND

On August 23, 2004, a jury in the Circuit Court of Hancock County, Illinois, found

Simmons guilty of the first degree murder of his wife, Kathy Simmons.  Simmons was

subsequently sentenced to forty-five years in prison.

Simmons directly appealed his conviction to the state appellate court arguing that (1) the

trial court erred in allowing the State to introduce expert testimony regarding the behavior of

domestic violence victims; (2) the trial court erred in allowing the State to introduce testimony

regarding the history of Petitioner's abuse of the victim; (3) the trial court denied Petitioner's

right to a fair trial as a result of the State's questioning of Petitioner regarding his other crimes;

and (4) the cumulative affect of the trial court's errors required a new trial.  The appellate court

affirmed Simmons' conviction and sentence on June 30, 2006. *See People v. Simmons*, No. 3-04-0918 (Ill. App. 2006).

Petitioner, represented by counsel, filed a petition for leave to appeal (PLA) to the state supreme court on September 19, 2006. In this PLA, Petitioner reiterated his first two arguments previously before the appellate court. The Illinois Supreme Court denied Simmons' PLA on November 29, 2006. Simmons did not file a petition for writ of certiorari to the United States Supreme Court.

On May 25, 2007, Simmons filed a pro se postconviction petition in the Circuit Court of Hancock County alleging ineffective assistance of counsel and excessive sentence. Petitioner later supplemented his petition with a claim that his counsel violated *Brady v. Maryland*, 373 U.S. 83 (1963) in failing to correct witness Benny Dowell's ("Dowell") perjured testimony that he was under no agreement with the prosecutor concerning his testimony at trial. After the trial court appointed counsel, Simmons' postconviction petition was amended to only the one claim that the State failed to inform Simmons of the alleged agreement between the prosecutor and Dowell. The trial court subsequently denied Simmons' petition.

Simmons appealed this decision arguing that (1) the State failed to disclose its relationship with Dowell; (2) the State failed to correct Dowell's perjured testimony; and (3) postconviction counsel failed to file certificate pursuant to Illinois Supreme Court Rule 651(c). Simmons' appeal was denied on December 31, 2009. Simmons' later filed a PLA in the Illinois State Supreme Court, which was denied on March 24, 2010. Simmons did not file a petition for writ of certiorari in the United States Supreme Court.

Simmons filed the instant § 2254 petition on August 18, 2010, raising three issues. The

Government responded to the Petition on January 27, 2011, and Petitioner was afforded an opportunity to file his traverse. Simmons filed his traverse on June 1, 2011. The matter is fully briefed, and this Order follows.

## DISCUSSION

In his Petition [#1], Simmons raises the following claims: (1) the prosecutor erred in failing to disclose Dowell's deal with the State and to correct Dowell's perjured testimony; (2) postconviction counsel was ineffective for failing to comply with Illinois Supreme Court Rule 651c and failing to raise the ineffective assistance of trial counsel; (3) the prosecutor withheld evidence during trial; and (4) both appellate and postconviction counsel were ineffective for failing to argue that the prosecutor withheld evidence. As a preliminary matter, the Court notes that Petitioner did exhaust his state remedies, and that his Petition is timely filed.

## I.      Claim I

Petitioner first claims that the prosecutor erred in failing to disclose the existence of a "testimony for leniency" deal with Dowell and further erred in failing to correct Dowell's perjured testimony relating to the deal. Petitioner is correct that a defendant's due process rights are violated when the State uses false testimony and when the State withholds information favorable to the defense. *See Brady v. Maryland*, 373 U.S. 83 (1963). In order to establish a *Brady* violation, a petitioner must show that (1) there was evidence of an agreement or understanding; (2) the prosecution suppressed the evidence; (3) the evidence was favorable as it was either impeaching or exculpatory; and (4) the evidence was material to the defense. *Collier v. Davis*, 301 F.3d 843, 848 (7th Cir. 2002).

On Simmons' postconviction appeal, he raised this issue, and the appellate court rejected

the claim, stating that Simmons did not suffer any prejudice from a potential *Brady* violation. The appellate court found that a reasonable jury could have convicted Simmons of the charge of first degree murder even without Dowell's testimony. Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a state court's adjudication of a habeas petitioner's claims are given a high degree of deference, and habeas relief may only be granted if a petitioner shows that the state court's decision was "contrary to, or involved and unreasonable application of, clearly established Federal Law. *See* 28 U.S.C. § 2254 (d)(1), (2). There is nothing in the state appellate court's adjudication of Petitioner's claim that is contrary or an unreasonable application of current federal law. There was ample evidence before the jury, in the form of testimony and exhibits, to support a reasonable jury finding Simmons guilty of his wife's murder.

Additionally, Simmons cannot establish that a *Brady* violation occurred. First, Simmons has not presented any evidence that the State had an agreement with Dowell in exchange for Dowell's testimony at trial. While Dowell may have anticipated receiving favorable treatment, there is no evidence of an actual agreement. *See Todd v. Schomig*, 283 F.3d 842, 849 (7th Cir. 2002) (finding that an expectation of benefits does not amount to an agreement). Second, there is no indication that the State suppressed the fact that Dowell's bail had been reduced. In fact, Simmons and his counsel were aware of the reduction and argued that fact during trial. Finally, while the evidence of Dowell's beneficial treatment may be considered favorable to the defense, it is apparent from the record that it was not material as a reasonable juror could rely on the other evidence presented at trial to convict Simmons. Thus, Simmons' first claim is meritless and must be dismissed.

**II.    Claim II**

Simmons next contends that his postconviction counsel was ineffective for failing to

comply with Illinois Supreme Court Rule 651c and failing to raise the ineffective assistance of

trial counsel.  As an initial matter, the Court notes that Simmons did not have a constitutional

right to counsel in his postconviction proceedings.  Accordingly, Simmons' claim of

constitutionally ineffective assistance of counsel is not cognizable on federal habeas review.  *See*

28 U.S.C. § 2254(i).

However, before reaching the merits of a petition for writ of habeas corpus brought

pursuant to 28 U.S.C. § 2254, a district court must consider "whether the petitioner exhausted all

available state remedies and whether the petitioner raised all his federal claims during the course

of the state proceedings."  *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991), *quoting Henderson

v. Thieret*, 859 F.2d 492, 496 (7th Cir. 1988).  If the answer to either of these questions is "no,"

then the failure to exhaust state remedies or procedural default bars the petition.  *Id.*  In other

words, if a petitioner fails to give the state courts a full and fair opportunity to review his claims,

then his petition must fail.  *Bocian v. Godinez*, 101 F.3d 465, 468-69 (7th Cir. 1996).

Procedural default occurs when a claim could have been but was not presented to the

state court and cannot, at the time the federal petition is filed, be presented to the state court.

*Resnover v. Pearson*, 965 F.2d 1453, 1458 (7th Cir. 1992).  This occurs in one of two ways.

First, a procedural default may occur when a petitioner fails to pursue each appeal required by

state law, *Jenkins v. Gramley*, 8 F.3d 505, 507-08 (7th Cir. 1993), or when he did not assert the

claim raised in the federal habeas petition in the state court system.  *Resnover*, 965 F.2d at 1458-

59.  The second way in which a petitioner may procedurally default a claim is when a state court

disposes of the case on an independent and adequate state law ground, regardless of whether that ground is substantive or procedural. *Coleman v. Thompson*, 501 U.S. 722, 111 S.Ct. 2546, 2553-55 (1991).

Petitioner did argue this claim during his postconviction appeal. However, Simmons failed to make this argument in his subsequent PLA to the Illinois Supreme Court. As there is nothing in the record to indicate a plausible reason for Simmons' failing to raise this claim in his PLA, his claim is procedurally defaulted and must be dismissed. Simmons also fails to argue why this default should be excused. Thus, this claim must be dismissed as inexcusably procedurally defaulted.

### III.    Claims III and IV

Finally, Simmons asserts that (1) the prosecutor withheld evidence during trial, and (2) both appellate and postconviction counsel were ineffective for failing to argue that the prosecutor withheld evidence. As stated above, before determining these claims on the basis of their merit, the Court must first inquire whether the arguments have been procedurally defaulted and whether a petitioner can excuse these defaults. Neither of these claims were brought before the state court either in the process of Simmons' direct appeal or during his postconviction petition. Thus, these claims are procedurally defaulted and nothing in Simmons' arguments excuse these defaults.

### CERTIFICATE OF APPEALABILITY

To obtain a certificate of appealability, a petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C § 2253(c)(2). The petitioner must also show that

"jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Here, any reasonable jurist could conclude that Simmons' first claim is meritless. Furthermore, it is not debatable that Simmons' is procedurally defaulted from bringing his second two claims. Accordingly, this Court will not issue him a certificate of appealability.

## CONCLUSION

For the reasons set forth above, Simmons' Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 [#1] must be DISMISSED with prejudice.

ENTERED this  2nd  day of August, 2011.

 s/ Michael M. Mihm

Michael M. Mihm
United States District Judge